Nicolas Daluiso, OSB 126155
ndaluiso@robinsontait.com
Wesley Werich, OSB 131803
wwerich@robinsontait.com
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
Tel: (206) 676-9640
Fax: (206) 676-9659

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LISA CARRIGAN, individually and JACK D. SCHLICKING and LAUREN J. SCHICKLING as husband and wife and individually.<br><br>Plaintiffs Pro Se,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, REGIONAL TRUSTEE SERVICES CORPORATION, FIDELITY NATIONAL TITLE INSURANCE COMPANY, RECONTRUST COMPANY, N.A., GN MORTGAGE LLC., GUARANTY BANK, F.S.B., BAC HOME LOANS SERVICING, COUNTRYWIDE HOME LOANS SERVICING, LP., BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERSCORP); ELAINE LOUISE HOWARD, Public Notary, d/b/a AFFORDABLE DOCUMENT PROCESSING; CHRISTINA BALANDRAN; DANIEL RODRIGUEZ, LINDA GREEN and John and Mary Does 1-10.<br>Defendants. | Case No.: 6:13-cv-902-TC<br><br>**DEFENDANT REGIONAL TRUSTEE SERVICES CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P.56** |

## LR-7-1 CERTIFICATION

Defendant Regional Trustee Services Corporation (hereinafter "Regional") certifies that parties have made a good faith effort to resolve this dispute but have been unable to do so. On

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 1

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

September 9, 2013, our office emailed plaintiffs, explaining our arguments in support of dismissal and advising of our LR-7 efforts at resolution. *See* Declaration of Nicolas Daluiso, Ex.A. In response thereto, plaintiffs sent a correspondence on September 23rd, 2013, acknowledging our efforts at settlement and requesting answers from Regional despite our assertions as to Regional's utter lack of involvement in the underlying dispute. *Id.,* Ex. B. On December 5th, our office emailed plaintiffs, advising of our intent to file a motion for summary judgment and offering to talk to plaintiffs before doing so. *Id.,* Ex. C. Plaintiffs did not respond to the December 5th email or our subsequent correspondence on December 11th, 2013. *Id.* Consequently, our office called the Schicklings on December 13th, 2013 and discussed the filing of our dispositive motion with Lauren Schickling. *Id.,* Ex. D. We received two subsequent correspondences from plaintiffs with inconsistent information. *Id.,* Ex. E. We sent a final email to plaintiffs, informing them that resolution does not seem possible without a court determination and that we would be filing the motion now before this Court. *Id.,* Ex. F.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 56

### I. Statement of Facts

On or about September 25, 2007, Plaintiff D. Jack Schickling and J. Lauren Schickling ("Schicklings") entered into a purchase money mortgage agreement with lender GN Mortgage, LLC. ("GN"). Complaint, ¶31. The Note was secured by a Deed of Trust to the property located at 17620 Hwy. 126, Walton, OR 97490. *See* Request for Judicial Notice ("RJN"), Exhibit "1". The Deed of Trust reflects that Regional was named as the original trustee of the Deed of Trust by the originating lender. *See* Declaration of Deborah Kaufman.

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 2

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

Regional was never advised that it was named as the original trustee on the subject Deed of Trust. *See* Declaration of Deborah Kaufman. This was first brought to Regional's attention from Regional's attorney of record in this action after the action had been filed. *See* Declaration of Deborah Kaufman. Regional had no part in the origination of the loan that is the subject of this action and had no knowledge of the loan until recently when plaintiffs' Complaint was filed. *See* Declaration of Deborah Kaufman. It is common in Oregon for the originating lenders to name a trustee that conducts foreclosures in the state as the original trustee in the Deeds of Trust without advising the trustee that they have been so named. *See* Declaration of Deborah Kaufman.

On July 25, 2010, an Appointment of Successor Trustee was recorded, substituting Recontrust Company, N.A., ("Recontrust") as the Successor Trustee. *See* RJN, Exhibit "2"; Declaration of Deborah Kaufman. Due to plaintiffs' default on the mortgage, Recontrust, as the current trustee on the deed of trust, initiated a foreclosure action on the property and recorded a Notice of Default on September 28, 2011 *See* RJN, Exhibit "3"; Declaration of Deborah Kaufman. Subsequently, the foreclosure process was stopped and Recontrust recorded a Rescission of the Notice of Default in this matter with Lane County Clerk of Records, on July 23, 2012, under Instrument No.: 2012-036806. *See* RJN, Exhibit "4".

II. **Federal Rule of Civil Procedure 56 Standard**

Summary Judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 3

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the party moving for summary judgment does not bear the burden at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id.* at 324. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the opposing party's claim. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the motion should be granted so long as whatever is before the court demonstrates that the standard for entry of judgment, as set forth in Rule 56(c), is satisfied. *Id.* at 855 (*quoting Celotex*, 477 U.S. 323).

There are no allegations directed at Regional. The only time Regional is even mentioned in the Complaint is in Paragraph 9, wherein it is identified as the trustee. Regional was not involved in the origination of the loan, the foreclosure, or any in other way associated with subject property and plaintiffs. *See* Declaration of Deborah Kaufman. Because there are no genuine issues of material fact, Regional is entitled to summary judgment as a matter of law.

### III. Argument

#### A. Regional does not claim interest or title to subject property.

Plaintiffs first and second cause of action is for Quiet Title. There are no allegations of quiet title directed at Regional, and any amendment to the allegations would be futile. The fatal defect with this claim against Regional is that Regional has never had or claimed to have any interest or estate in plaintiff's loan or property. ORS 105.605, *Suits to Determine Adverse Claims*, states in relevant part that "[a]ny person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 4

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests, or estates." A defendant who claims no adverse interest in the real property is not a proper party. *Altschul v. State*, 72 Or. 591, 597-598, 144 P.124 (1914). In order to avoid summary judgment on this claim, plaintiff must provide evidence sufficient to create a material issue of fact that Regional claims an interest in property. *Id.* Because plaintiffs cannot make this showing, the quiet title cause of action must be dismissed against Regional.

**B.  Regional did not commit Slander of Title against plaintiffs.**

A party claiming slander of title must prove the following elements: (1) uttering or publication of slanderous words by defendants; (2) falsity of words; (3) malice; and (4) special damages. *Erlandson v. Pullen*, 45 Ore. App. 467, 472 (1980). In the instant case, the plaintiff completely failed to allege any of the elements against Regional. Plaintiffs do not explain in any way how Regional slandered title. Moreover, as explained above, unbeknownst to Regional, it was named as the original trustee. *See* Declaration of Deborah Kaufman.

At no time, did Regional take any action regarding foreclosure or otherwise on the subject property. *See* Declaration of Deborah Kaufman. However, other than being named as the original trustee of the Deed of Trust, Regional had no involvement in or knowledge of the subject loan in any manner. *Id.* Regional did not commence a foreclosure as trustee against Plaintiffs, and thus, issued no publications, correspondences, or other documents pertaining to plaintiffs' title. *Id.*

**C.  The remaining causes of action for Declaratory Judgment, Negligent Infliction of Emotional Distress, Unjust Enrichment, Theft, and Temporary Restraining Order do not apply to Regional.**

The vast majority of the allegations in the Complaint are in regard to the origination of

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 5

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

the subject loan – specifically, the legal description of the property as it relates to the foreclosure action and the ownership of recorded interest. These allegations have absolutely nothing to do with Regional, and plaintiffs do not articulate any genuine issue of material fact as to Regional. Regional, named only as the original Trustee of the Deed of Trust, had no involvement in the origination of the loan, in the drafting of the legal description in the Deed of Trust or otherwise. *See* Declaration of Deborah Kaufman.

Because Recontrust was substituted in as Successor Trustee, Regional no longer had anything at all to do with the subject Deed of Trust. *See* RJN, Exhibit "2". Recontrust, the Successor Trustee, took over any potential duties of trustee and served as foreclosure trustee. 2011 *See* RJN, Exhibit "3". Regional had no authority, obligations, or other involvement in the foreclosure proceedings. In fact, Regional never initiated any foreclosure action or took any steps whatsoever against plaintiffs or the subject property. *See* Declaration of Deborah Kaufman

Given the plaintiff's lack of allegations as to Regional's conduct, and due to Regional having no interest in the property or involvement in the origination of the loan other than being named as the original trustee, it is clear that Regional is not a party of interest in this case, and this Complaint should be dismissed as to Defendant Regional with prejudice in its entirety.

### IV. Conclusion

Based on the above, as there are no genuine issues of material facts as to any of the causes of action pled against defendant Regional Trustee Services Corporation, it is respectfully requested that the Court grant the Motion for Summary Judgment in its entirety.

///

///

///

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 6

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

DATED this 30th of December, 2013.

/s/ Nicolas Daluiso
Nicolas Daluiso, OSB #126155
Wesley Werich, OSB #131803
Robinson Tait, P.S.
Attorneys for Regional

REGIONAL'S MEMORANDUM IN SUPORT
OF SUMMARY JUDGMENT - 7

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104