IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA CARRIGAN, et al

Plaintiffs,

v.

FIRST AMERICAN TITLE
INSURANCE COMPANY, et al

Defendants.

Civ. No. 6:13-cv-00902-TC

ORDER

**MCSHANE, Judge:**

## PROCEDURAL BACKGROUND

On December 30, 2013, Magistrate Judge Coffin referred a Findings and Recommendation [#97], recommending abstention from jurisdiction and dismissal of this action. His recommendation was based on necessary deference to a pending Circuit Court case in Lane County, Oregon (Lane County Circuit Court case #161105514) between some of the parties in this case. Judge Coffin found the other pending motions moot due to his recommendation of abstention. Since his recommendation was issued, the state case was dismissed after the Third Party Intervenors (Bank of America, et al) stipulated to the dismissal without prejudice [#117, pages 5-7]. The dismissal has left remand to the state court an unviable option.

1 – ORDER

For the reasons set forth below, this Court **DECLINES TO ADOPT** Judge Coffin's Recommendation [#97], retains jurisdiction over this action, and issues the following Orders.

IT IS HEREBY ORDERED:

(1) Defendant Regional Trustee Services Corporation's Request for Judicial Notice [#12] is **GRANTED**. The Court takes judicial notice of all four documents [#12, pages 3-30], insofar as that they are all public documents recorded with the court and/or county recorder's office.

(2) Defendants Guaranty Bank and GN Mortgage's Motion to Dismiss [#16] is Taken Under Advisement on its merits but is **STAYED** pending a Rule 16 Conference.

(3) Defendants BAC Home Loans Servicing, Bank of America, Countrywide Home Loans Servicing, Mortgage Electronic Registration Systems (MERSCORP), ReconTrust Company, Daniel Rodriguez, and Christina Balandran's Motion to Dismiss for Failure to State a Claim [#32] is Taken Under Advisement on its merits but is **STAYED** pending a Rule 16 Conference.

(4) Defendants' Request for Judicial Notice [#35] is **GRANTED**. The Court takes judicial notice of all three documents attached to the Declaration of James P. Laurick [#34, pages 5-29] insofar as that they are all public documents recorded with the court and/or county recorder's office.

(5) Defendant First American Title Insurance Company's Motion to Dismiss for Failure to State a Claim [#39] is Taken Under Advisement on its merits but is **STAYED** pending a Rule 16 Conference.

(6) Specially Appearing Defendant Elaine Louise Howard's Motion to Dismiss for Failure to State a Claim [#41] is Taken Under Advisement on its merits but is **STAYED** pending a Rule 16 Conference.

(7) Plaintiffs' Motions for Default Judgment *and* To Strike Defendant's Motion To Dismiss (#39) [#44] are **DENIED** for the reasons set forth in the Discussion below.

(8) Plaintiffs' Objections **[#62]** are **DENIED** without discussion.

(9) Plaintiffs' Motion for Extension of Time **[#77]** is **DENIED** as moot.

(10) Plaintiffs' Request for a new Scheduling Order **[#79]** is **DENIED** as moot.

(11) Defendants' Motion for Extension of Time **[#83]** is **DENIED** as moot.

(12) Plaintiffs' Request for Jury Trial **[#85]** is **GRANTED** as to any applicable claims.

(13) Plaintiffs' Motion for Leave to file a Response to Defendant Howard's Motion to Dismiss (#41) **[#86]** is **DENIED** as moot.

(14) Defendant Fidelity National Title Insurance Company's Motion for Extension of Time **[#92]** is **DENIED** as moot.

(15) Judge Coffin's Findings & Recommendation **[#97]** is **NOT ADOPTED** for the reasons set forth in the Discussion below.

(16) Defendant Regional Trustee Services Corporation's Request for Judicial Notice **[#100]** is **DENIED** as moot, as it is duplicative of Defendant's prior Motion [#12].

(17) Defendant Regional Trustee Services Corporation's Motion for Summary Judgment **[#101]** is Taken Under Advisement on its merits but is **STAYED** pending a Rule 16 Conference.

(18) All previous deadlines in this case are **VACATED**. A **Rule 16 Status Conference** (by telephone) will be set by this Court as soon as possible, to determine the **status of any settlement negotiations**, whether or not the requested **oral arguments** are warranted in regards to the outstanding stayed Motions **[#16, #32, #39, #41, and #101],** and to **set new deadlines** if necessary.

(19) After entry of these Orders, this action is **STAYED** in its entirety, pending resolution of the issues to be addressed during the Rule 16 Conference.

## DISCUSSION

I. **Judge Coffin's Findings & Recommendation [#97]:**

Although I find **no error** in Judge Coffin's legal reasoning, this Court **DECLINES TO ADOPT** his Recommendation [#97] and retains jurisdiction over this action for the following reasons.

Judge Coffin's primary reason for recommending abstention and dismissal of this action was based on *res judicata* (claim preclusion) and claim splitting, due to the related state court claim (Lane County Circuit Court case #161105514). However, since the state claim has been dismissed, these principles no longer apply. Although the state claim was dismissed *without prejudice*, this Court believes it is in the interests of justice to continue the case (at least for the time being) in federal court, rather than try to remand it back to state court to start all over again.

Many of the Defendants in this case (including Bank of America, Recontrust, Mortgage Electronic Systems, Christina Balandran, First American Title Insurance Company, and Regional Trustee Services) have also urged this Court to reject the Magistrate's recommendation in order to review the merits of their pending motions. [#113, 114, and #115].

It should be mentioned that although at first glance many of the pending Motions to Dismiss for Failure to State a Claim and Summary Judgment by multiple Defendants do indeed seem "well taken" as Judge Coffin noted [#97, page 6], this Court has decided to wait to rule on them until after a Rule 16 Status Conference to determine which of the pending motions should be heard, and whether or not any oral arguments (as requested [#16]) are necessary. It should also be noted that in cases involving *pro se* plaintiffs, this court construes the pleadings liberally

4 – ORDER

and affords the plaintiffs the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant may also be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

However, it is well established that in order to state a claim against a named defendant, a plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). *Polk v. Montgomery County*, 548 F. Supp. 613, 614 (D.Md. 1982). See also, *Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). And although *pro se* complaints are to be interpreted liberally, *Haines v. Kerner*, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents*, 673 F .2d 266 (9th Cir. 1982). If this Court determines that this is the case, then dismissal or summary judgment will be granted.

It is also unclear to this Court whether some of the recent attempts to settle [#112] have been successful or not, which is another reason why a Rule 16 Conference seems appropriate in this instance.

## II. Plaintiffs' Motions for Default Judgment & Strike Defendant's Motion To Dismiss (#39) [#44]:

In regard to the Plaintiffs' Motion for Default Judgment [#44], the entry of a default judgment is committed to the discretion of the trial court. It is well established that there is a strong preference for deciding cases on the merits and default judgments are disfavored. *Eitel v.*

5 – ORDER

*McCool*, 782 F.2d 1472 (9th Cir. 1986). In fact, the 9th Circuit has determined that default judgments are appropriate only in extreme circumstances. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 2010). This is not one of those.

Here, the Plaintiffs cannot demonstrate any prejudice to them as a result of the alleged late filings and appearances in this case. This is especially true in light of the fact that the Plaintiffs were apparently traveling out of state and tending to medical issues during the period of time when the defendants' appearance would have otherwise been due, and had asked for an extension of time themselves [#45]. Further, the Defendants sent a letter to the Plaintiffs on July 9, 2013 advising of their intent to file an appearance in the case [#48, page 2]. It also appears that Plaintiffs did not comply with LR 55-1, which requires sending notice to Defendants prior to moving for default judgment. For these reasons, the Plaintiffs' Motion for Default Judgment [#44] is **DENIED**.

The Plaintiffs' Motion to Strike Defendant's Motion To Dismiss [#39] found within their Motion for Default Judgment [#44] is **DENIED** because it is without merit and is not cognizable.

Accordingly, the Plaintiffs' Motion for Default Judgment and their Motion To Strike Defendant's Motion To Dismiss (#39) [#44] are both **DENIED**.

6 – ORDER

## CONCLUSION

For these reasons, Magistrate Judge Coffin's Findings and Recommendation [#97] is **NOT ADOPTED**, and the various Motions are decided as summarized below:

Motions #12, #35, and #85 are **GRANTED.**

Motions #44, #62, #77, #79, #83, #86, #92, and #100 are **DENIED**

Motions #16, #32, #39, #41, and #101 are **STAYED.**

A **Rule 16 Status Conference** (by telephone) will be set by this Court as soon as possible, to determine the **status of any settlement negotiations**, whether **oral arguments** are warranted in regards to the outstanding stayed motions that have been Taken Under Advisement on their merits [**#16, #32, #39, #41, and #101**], and to **set new deadlines** if necessary. IT IS SO ORDERED.

DATED this 4th day of June, 2014.

                                                       _____
                                                          **Michael J. McShane**
                                                       **United States District Judge**