IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARRIGAN, et al,

    Plaintiffs,

v.

FIRST AMERICAN TITLE, et al,

    Defendants.

Civ. No. 6:13-cv-902-TC

**ORDER**

MCSHANE, Judge:

On August 8, 2014, Plaintiffs L. Carrigan, J. Schickling, and L. Schickling filed a "Motion to Set Aside Orders of August 1, 2014 and Reschedule Oral Argument." [#137], and the matter is now before me. The Plaintiffs' Motion makes the following requests [#137 at page 8]:

1. Set aside the part of the court's Order [#133] that granted GN and Guaranty's Motion to Dismiss [#16] so Plaintiffs can argue the Defendants' motion on August 28th.
2. Set aside the part of the court's Order [#133] that granted defendant Howard's Motion to Dismiss [#41] so Plaintiffs can argue the Defendant's motion (at a later date).
3. Set aside the part of the court's Order [#133] that granted sanctions in the form of attorney fees to defendant Howard, so Plaintiffs can provide a brief and oral arguments as to why the sanctions are not appropriate, after being informed by the court of the grounds for imposing the sanctions.
4. The opportunity to argue any further motions.
5. Require Deputy Pew to notify Plaintiffs immediately by telephone (855-843-3276) and by US Mail of all Court communications once they are entered.

1 – ORDER

Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART** for the following reasons.

Motion Part 1 – Motion to set aside the ruling in GN and Guaranty's Motion to Dismiss [#16]:

Plaintiffs' Motion to set aside the ruling in GN Mortgage and Guaranty Bank's Motion to Dismiss [#16] is **DENIED**. The defendants' motion to dismiss was filed on July 30, 2013. Plaintiffs were given the opportunity to respond to the motion, and did so by filing a Response on September 24, 2013 [#80] and also within various other pleadings and filings throughout the next year. A year is ample time to respond and the plaintiffs did so through written filings.

After review of the written pleadings, the motion to dismiss was granted from the bench on August 1, 2014 as stated on the record, based on the written pleadings alone, *without* oral argument. As stated on the record, the motion was granted because "based on the filings, although GN Mortgage and Guaranty Bank may have previously held a note on the property…they are not claiming any interest in title…and [the court] did not see any claim of merit against GN Mortgage and Guaranty Bank."

The plaintiffs' absence at the August 1 hearing was immaterial in the court's ruling on the motion because no oral arguments were entertained from *either* side. In other words, even if the plaintiffs had appeared, they would not have been allowed to enter oral arguments on the motion. This is reflected by the absence of any oral arguments in the record or in the Minutes of Proceedings [#132]. The ruling was further delineated in a written Order by the court issued the same day [#133]. This present Order serves as the "brief formal Opinion" noted in the Minutes of Proceedings [#132] and the court's previous Order [#133].

Motion Part 2 – Motion to set aside the ruling in defendant Howard's Motion to Dismiss [#41]:

Plaintiffs' Motion to set aside the ruling in defendant Howard's Motion to Dismiss [#41] is **DENIED**. The defendants' motion to dismiss [#41] was filed on August 8, 2013. Plaintiffs were given the opportunity to respond to the motion, and did so by filing Responses on August 22, 2013 [#51] and September 30, 2013 [#82], as well as within various other pleadings and filings throughout the next year. A year is ample time to respond and the plaintiffs did so through these written filings.

After review of the written pleadings, the motion to dismiss was granted from the bench on August 1, 2014 as stated on the record, based on the written pleadings alone, *without* oral argument. As stated on the record, the motion was granted because "there simply is no basis in the pleadings to hold Ms. Howard liable for…Slander of Title. Ms. Howard is a notary who was performing a ministerial function. [Defendant] also argued that the one-year statute of limitations would apply. The plaintiffs did not address that in their pleadings, but instead tried to argue that a longer fraud statute of limitations would apply, but they haven't laid out a case of fraud and they certainly haven't pled fraud in this case. So [the court] is going to dismiss based on the filings." Defendant Howard's Motion to Dismiss [#41] is granted *without* prejudice.

The plaintiffs' absence at the August 1 hearing was immaterial in the court's ruling on the motion because no oral arguments were entertained from *either* side. In other words, even if the plaintiffs had appeared, they would not have been allowed to enter oral arguments. This is reflected by the absence of any oral arguments in the record or in the Minutes of Proceedings [#132]. The ruling was further delineated in a written Order issued the same day [#133].

Motion Part 3 – Motion to set aside the ruling imposing sanctions for attorney fees:

Plaintiffs' Motion to set aside the ruling in imposing sanctions upon the plaintiffs in the form of attorney fees in connection to defendant Howard's Motion to Dismiss [#41] is **DENIED in part** and **GRANTED in part**.

On August 1, 2014 as stated on the record, the court found the imposition of sanctions upon the plaintiffs in the form of attorney fees appropriate because the court found that the plaintiffs' claim against defendant Howard "was made frivolously and she [Howard] is entitled to attorney fees." The court is allowed to impose sanctions under FRCP 11. No oral arguments were allowed by the court during the August 1 hearing.

The plaintiffs' request to be allowed to provide the court with a *written brief* as to why sanctions are not appropriate is **GRANTED**. Plaintiff shall be allowed to file a written brief in response to any attorney fees requested by defendant Howard's attorney. Plaintiffs may do so *after* the defendant submits their request for any fees. Any requests for attorney fees must also be approved by the court before they are actually imposed. The plaintiffs' request to be allowed to provide *oral arguments* on the issue is **DENIED**.


Motion Part 4 – Motion to be allowed the opportunity to argue any further motions:

The plaintiffs' motion to be allowed the opportunity to argue any further motions is **GRANTED**. The plaintiffs shall be allowed to respond to any and all further motions, pursuant to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of Oregon.

Motion Part 5 – Motion to require Deputy Pew to notify plaintiffs by phone and mail:

The plaintiffs' motion to require Deputy Pew to notify the plaintiffs immediately by telephone (855-843-3276) and by US Mail of all court communications once they are entered is **GRANTED in part**.

The plaintiffs spent a considerable amount of time in their motion describing multiple instances of not having received *any* notice of hearings including the one on August 1, 2014. According to the Minutes of Proceedings [#122] from the telephonic Rule 16 Conference on June 19, 2014, "The Clerk will email all parties proposed oral argument dates [for the four motions to Dismiss] in July or August, 2014." All three Plaintiffs were present by phone for this hearing. Plaintiffs requested that the hearing be set on a Thursday or Friday to accommodate their work schedules. Later the same day Courtroom Deputy Charlene Pew emailed the parties a list of seven (7) possible days for the in-person Oral Arguments hearing. A number of responses and replies followed over the next week, with all parties CC'd in every email. Plaintiffs did not respond to emails or call Deputy Pew regarding scheduling. While it was discovered that *one* of the plaintiffs' two email addresses (for the Schicklings) was entered incorrectly (without the ".") between "jack" and "schickling") in the scheduling emails, Plaintiff Carrigan's email address (lisacarrigan@rocketmail.com) was correct in all emails.

On July 1, 2014, the hearing was set for August 1, 2014 [#123]. Plaintiffs should have received multiple email notifications to *at least one email address* (Carrigan's) and written notification via US Mail, which according to Deputy Pew was sent on or after July 1, 2014, to the plaintiffs' P.O. Boxes (#338 and #440) in Veneta, Oregon, but a notation was *not* entered into the court docket. Actual mailing and notation on the court docket are two separate and distinct actions. It is possible that one action could take place without the other.

5 – ORDER

Plaintiffs claim that the mail was once again never received. However, this does not explain why the plaintiffs ignored the emails and Plaintiffs had known since June 19, 2014 that the hearing was being set and did not attempt to contact the court for clarification or respond to any of the scheduling emails. Instead of seeking clarification or instigating contact themselves, the plaintiffs waited for the court to contact them directly.

While the court can sympathize with the plaintiffs to some degree, to be clear, it is *not* the duty of the Courtroom Deputy or the Clerk's Office to constantly remind every litigant of their deadlines and court dates. Nor is it their duty to force litigants to respond to emails or return calls. Litigants must practice due diligence to ensure deadlines are met and courtroom appearances are made in their cases. It is up to the *litigants* to contact the court any time they are unsure of a deadline or court date. It is also up the litigants to keep their contact information current with the court.

Regardless, the plaintiff's motion is GRANTED in part as follows:
Deputy Pew *or other Clerk's Office employee,* will be required to notify the plaintiffs by **telephone** (855-843-3276), **US Mail**, and **email** of all **scheduled court hearings** and **Orders issued by the court**, within a *reasonable* amount of time after a record is entered with the court. Notification by telephone may consist of leaving a voicemail with the plaintiffs at the phone number noted above. The defendants in this case shall remain obligated to notify the plaintiffs of all their filings, as required by the Local Rules for litigation involving *pro se* parties.

A *brief* discussion of these issues will be allowed during the Show Cause Hearing on August 28th if the plaintiffs require any further clarification.

The August 28, 2014 Show Cause Hearing shall proceed as scheduled and as outlined in the Minutes of Proceedings [#132].

IT IS SO ORDERED.

DATED this 27th day of August, 2014.

                    Michael J. McShane
                  United States District Judge